## Heuber *v.* Consolidated Traction Company, Appellant.

*Negligence—Street railways—Wagon on track—Contributory negligence—Evidence—Question for jury.*

In an action against a street railway company for damages for personal injuries, it appeared from the plaintiff's proofs that prior to the accident plaintiff was driving on the left side of a street on which the defendant operated a double track railway. Meeting an oil wagon, he was obliged by the rule of the road to turn to the right, and accordingly pulled on to the first track. Before he had fully passed the oil wagon he saw a car on the same track as he was, apparently coming toward him, and at the same time looked and saw a car on the second track also coming towards him, but in the same direction that he was going, coming slowly and farther off than the other car. Thereupon he continued to pull to the right to get on the right side of the street, but before he had got quite clear of the second track his hind wheel was caught by the car following him, and the accident occurred. *Held*, that the case was for the jury, and that a verdict and judgment for the plaintiff should be sustained.

Argued Oct. 25, 1904. Appeal, No. 102, Oct. T., 1904, by defendant from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1900, No. 712, on verdict for plaintiff in case of Michael Heuber v. Consolidated Traction Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,122. Defendant appealed.

*Errors assigned,* among others, were in refusing binding instructions for defendant.

*William A. Challener,* with him *Clarence Burleigh* and *James C. Gray,* for appellant.

*E. Y. Breck,* with him *Edward B. Vaill,* for appellee.

PER CURIAM, November 4, 1904:

Plaintiff on the left side of Atwood street as he was driving was obliged by the rule of the road to turn out to the right when he met the oil wagon, and accordingly pulled onto the first track.   Before he had fully passed the oil wagon he saw a car on the same track as he was, apparently coming toward him, and at the same time looked and saw a car on the second track also coming towards him but in the same direction that he was going, coming slowly and farther off than the other car. Thereupon he continued to pull to the right to get on the right side of the street, but before he had got quite clear of the second track his hind wheel was caught by the car following him and the accident occurred.

This is his own version and the other testimony does not make the situation much clearer.   He might have turned to the left again to get back to the side of the street he had been on, but whether he should have done so depended on whether he was sufficiently clear of the oil wagon, and on the danger from the car approaching on the first track.   The distance he had to go in crossing the second track was not much greater and the car on that track was further off.   He was evidently paying attention to his duty and it is not so clear that he could have done any better, as to justify the court in saying that he was negligent.   That was for the jury.

Judgment affirmed.