# Harper et al., Appellants, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Signal—Vehicle on track—Ladder extending over back of wagon—Rear end collision—Speed—Evidence—Undisputed evidence—Inferences—Case for jury.*

1. Where defendant submits no evidence, the truth of that offered for plaintiff and also any inference that might be drawn therefrom must be assumed.

2. On a motion for a nonsuit where an inference of defendant's negligence can be reasonably drawn from the evidence the case is for the jury.

3. Where the driver of a vehicle sees a street car approaching when 300 feet distant, the question whether the motorman gave a signal of its approach is unimportant.

4. The question whether the speed of a trolley car is improper is for the jury where there is evidence that for a distance of 100 feet before the car struck a horse and wagon it was traveling seven times as fast as the horse and after the collision it pushed the horse and wagon along for about 150 feet.

5. When street railway tracks are laid in a public highway the driver of a wagon lawfully using them in front of an approaching car must give way and not obstruct the progress of the car, but he is entitled to reasonable warning and reasonable time to clear the track.

6. In an action against a street railway company to recover for injuries sustained by the driver of a wagon while in the act of driving off defendant's tracks, the case is for the jury and a compulsory nonsuit was erroneously entered where it appeared that a long ladder protruded over the end of the wagon; that upon being apprised that the car was approaching plaintiff endeavored to drive off the tracks; that the motorman of the car had a view of plaintiff for 300 feet, but drove up, struck the ladder after the wagon itself had cleared the tracks, pushing the horse and wagon 150 feet from the point of the collision and throwing the plaintiff to the ground.

Argued March 22, 1917. Appeal, No. 56, Jan. T., 1917, by plaintiff, from order of C. P. No. 1, Philadelphia Co., June T., 1915, No. 2984, refusing to take off nonsuit, in case of Harry Harper, by his next friend and father, William Harper, and William Harper, in his own right, v. Philadelphia Rapid Transit Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court in banc subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was in refusing to take off the nonsuit.

*William H. Lamb,* with him *Wm. H. R. Lukens,* for appellants.—The evidence shows facts from which negligence of the defendant could have been inferred, and, therefore, the case was for the jury: Merrigan v. Evans, 221 Pa. 1; Dormer v. Alcatraz Paving Co., 16 Pa. Superior Ct. 407; Menner & Co. v. Pres., Mgrs. & Co. of the Delaware and Hudson Canal Co., 7 Pa. Superior Ct. 135; Whitehouse v. Pittsburgh Rys. Co. (No. 1), 36 Pa. Superior Ct. 581; Virgilio v. Walker & Brehm, 254 Pa. 241; Jones Bros. v. Greenburg, Jeannette & Pittsburgh St. Ry. Co., 9 Pa. Superior Ct. 65; Snow v. Western N. Y. & Penna. Traction Co., 45 Pa. Superior Ct. 422; Hockheiser v. Pittsburgh Rys. Co., 226 Pa. 316; Cress v. Braddock & Homestead St. Ry. Co., 14 Pa. Superior Ct. 87; Friedland v. Altoona & Logan Valley Electric Ry. Co., 59 Pa. Superior Ct. 539; Davis v. Media, Middletown, Aston & Chester Elec. Ry. Co., 25 Pa. Superior Ct. 444; Gordon v. Beaver Valley Trac. Co., 247 Pa. 248; Hellriegel v. Southern Traction Co., 23 Pa. Superior Ct. 392; Trumbower v. Lehigh Valley Transit Co., 235 Pa. 397; Heuber v. Consolidated Traction Co., 210 Pa. 70.

*Sydney Young,* for appellee.—There was no evidence of negligence on the part of the defendant: Wagner v. Lehigh Traction Co., 212 Pa. 132; Kurtz v. Philadelphia Rapid Transit Co., 244 Pa. 179; Federal St. & Pleasant Valley Ry. Co. v. Gibson, 96 Pa. 83; Fredericks v. Northern Central R. R. Co., 157 Pa. 103; Gaines v. Chester Traction Co., 224 Pa. 52; Blew v. Philadelphia Rapid Transit Co., 227 Pa. 319; Bradley v. Lake Shore & Michigan Southern Ry. Co., 238 Pa. 315; East End Oil Co. v. Penna. Torpedo Co., Ltd., 190 Pa. 350.

OPINION BY MR. JUSTICE WALLING, May 22, 1917:

This appeal is from an order refusing to set aside a compulsory nonsuit, granted in an action by a father and minor son for personal injuries to the son. There is a bridge about twenty-five feet in width in Second street,

Philadelphia, which spans a creek below Tabor road. Defendant has a double track railway in that street, which crosses the bridge at grade and in fact occupies a large part of its surface, the tracks being parallel and that on the west side being south bound. The bridge is in a valley and the grade of the street descends toward it from both north and south. To the north the street is straight and a motorman in charge of a car approaching from that direction has a clear view of the surface of the bridge for at least three hundred feet.

On March 20, 1915, the plaintiff, Harry Harper, was driving a horse and wagon for some men engaged in trimming trees. The wagon box was seven and one-half feet long and in it was an extension ladder, also some rope and shears. The ladder was adjusted at its minimum length of fifteen feet and one end was under the seat in front and about one-half extended back over the rear end of the box. It was placed parallel to and along the right side of the wagon box. Three workmen were in the wagon, one seated on the ladder and two on the seat with plaintiff. Plaintiff was going south and approached the bridge on the southbound track, it being necessary to occupy the track in driving over the bridge. He looked back and saw a trolley car coming behind him about three hundred feet away; and immediately reined his horse to the left so as to get on the northbound track that the car might pass, and succeeded in getting the horse and front wheels of the wagon on that track, but the car overtook him before he could get the rear end of the ladder out of the way, and struck it with such violence as to force it through the front end of the wagon box, and to push the horse, wagon and load about 150 feet up the grade, throwing plaintiff and his companions from the wagon and causing the injuries here complained of. Plaintiff's efforts to get out of the way were somewhat hindered by the narrow bridge and also by temporary obstructions at the side caused by the work of constructing a sewer. At the time of the col-

lision the wagon was in a diagonal direction, as the rear wheels had not reached the northbound track, and the rear end of the ladder, on which was a red flag to make it more conspicuous, extended towards the west track. While plaintiff drove about forty feet in his effort to get out of danger the car ran about three hundred feet. The sky was clear and the accident happened about noonday. It was one of defendant's ordinary green cars, the body of which is wider than the front end. Windows were broken on the left side of the car but just what part of it first hit the ladder does not appear. As defendant submitted no evidence we must for the purpose of this case assume the truth of that offered for plaintiff and also any inferences that may be drawn therefrom. And on that assumption in our opinion the learned court below erred in refusing to strike off the nonsuit. This was a public street where both parties had rights. Plaintiff was lawfully on the street and was using it for a proper purpose, and nothing appears that as matter of law would convict him of contributory negligence. While he was on the proper side of the street, it was his duty to get out of defendant's way and the duty of the latter to afford him a reasonable opportunity to do so. It was such a place as required care by both parties. And whether defendant performed its duty was under the circumstances for the jury. As plaintiff saw the car three hundred feet away the question of signals would not seem to be important. But the fact that the car was moving about seven times as fast as the wagon and pushed the horse and wagon along for about one hundred and fifty feet, under the circumstances, would seem to make the question of improper speed one for the jury. The horse, wagon and men were in plain view of the motorman for three hundred feet; if he did not see them he was at fault, as he also was if he saw them and failed to have his car under control. If the car was approaching the bridge so rapidly that it could not be stopped in the three hundred feet, that would certainly be evidence

of negligence. That windows were broken on the side of the car indicates that the ladder and car were there in contact, but does not necessarily show that they did collide at some other point. The front end of the car being of less width than the body may have cleared or grazed the ladder, but the result shows that the ladder must have come in contact with something more substantial than glass. The evidence would justify a finding that the cause of the accident was the failure of the motorman to afford plaintiff an opportunity to get out of the way; for several witnesses testify that at the time of the collision the wagon was in a diagonal position, with the ladder, as the result showed, not out of range of the approaching car. The theory of appellee's counsel, that, because the first and second windows on the side of the car were not broken and others were, therefore the ladder must have been out of range of the car and then suddenly turned back, while plausible, does not necessarily result from that circumstance and finds no other support in the evidence.

An inference of defendant's negligence can reasonably be drawn from the evidence, and therefore the case is for the jury. The following language of Judge HENDERSON, in Friedland v. Altoona & Logan Valley Electric Ry. Co., 59 Pa. Superior Ct. 539, 542, is applicable to this case:

"The plaintiff was in the exercise of a lawful right in driving along the track and although the defendant company was entitled to the right of way its employees were bound to exercise the right in such a manner as to give those driving along the track a reasonable opportunity to get out of the way when notified of the approach of the car." So also is the language of Judge PORTER in Davis v. Media, Middletown, Aston & Chester Electric Ry. Co., 25 Pa. Superior Ct. 444, 448, that, "When the tracks are laid in a public highway, the driver of a wagon lawfully using them in front of an approaching car, while it is his duty to give way and not obstruct its progress, is entitled to reasonable

warning and reasonable time to get out of the way. The employees of the defendant company were bound to keep the car under control and had no right to run the plaintiff down either upon the track or while he was in the act of leaving it. They were bound to use every reasonable effort to avoid a collision." While the street railway company has the right of way it must give the driver of a vehicle an opportunity to clear the track. See Heuber v. Consolidated Traction Company, 210 Pa. 70; Trumbower v. Lehigh Valley Transit Co., 235 Pa. 397. A case quite like the present is that of Davidson v. Schuylkill Traction Co., 4 Pa. Superior Ct. 86, where the earlier authorities are cited and considered by President Judge RICE. It was said by Mr. Justice POTTER in the recent case of Gordon v. Beaver Valley Traction Co., 247 Pa. 248, 249: "As we have often held in similar cases, it was the right of the plaintiff to drive on any part of the street, subject to the superior right of the defendant to the use of its tracks, and warning of the approach of the car should have been given to plaintiff, and he should have been allowed sufficient time to get off the track in safety. Whether or not such warning was given, or sufficient time was allowed him to get out of the way; or whether the car actually struck the wagon, and caused the injuries to plaintiff for which he sought to recover, were all questions of fact for the jury."

The judgment is reversed and procedendo awarded.