## Hope et ux. v. Southern Pennsylvania Traction Co., Appellant.

*Negligence—Street railways — Car side-swiping wagon — Contributory negligence—Case for jury.*

1. In an accident case, where it appeared plaintiff's wagon was side-swiped by defendant's electric car going at a high rate of speed, at a point where the roadway outside of the tracks was of sufficient width to permit the passing of two vehicles only, it was the motorman's duty, with the wagon in full view in front of him, to anticipate that, in passing vehicles approaching in the opposite direction, plaintiff must necessarily drive close to the tracks, and he (the motorman) must not only give warning of his approach, but also have his car under such control as the dangers of the situation seemed reasonably to require.

2. Plaintiff had a right to use the road and to turn towards or upon the tracks if necessity required, subject, however, to the duty of looking for approaching cars and taking proper precaution to avoid a collision.

3. In such case, the question of defendant's negligence and plaintiff's contributory negligence is for the jury.

Argued February 8, 1921. Appeals Nos. 205 and 206, Jan. T., 1921, by defendant, from judgment of C. P. Delaware Co., June T., 1917, No. 301, on verdict for plaintiff, in case of James Hope et ux. v. Southern Penna. Traction Co. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries to plaintiff's wife, and for injuries to horse and wagon. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for James Hope for $1,607.08, and for Martha Hope for $3,392.92. Defendant appealed.

*Error assigned,* among others, was refusal of judgment for defendant n. o. v., quoting record.

*J. B. Hannum,* for appellant.—If the roadway at the side of the track is wide enough to allow the safe passage of a vehicle, one who drives so close to the track as to be struck by an approaching car or who stops his vehicle so close to the track as to be struck by a car which he has just turned from the track to avoid, is guilty of contributory negligence: Morrow v. Ry., 199 Pa. 156; Speakman v. Traction Co., 42 Pa. Superior Ct. 588; McClelland v. Rys., 216 Pa. 593; Keelnan v. Traction Co., 202 Pa. 107; Warner v. Ry., 141 Pa. 615; Patton v. Traction Co., 132 Pa. 76.

*John M. Broomall,* for appellees.—This case was for the jury: Thatcher v. Traction Co., 166 Pa. 67; Friedland v. Ry., 59 Pa. Superior Ct. 539; Park v. Traction Co., 262 Pa. 561; Gordon v. Traction Co., 247 Pa. 248; Bartle v. Traction Co., 216 Pa. 328; Fleck v. Ry., 62 Pa. Superior Ct. 500; Saunders v. Traction Co., 240 Pa. 66.

OPINION BY MR. JUSTICE FRAZER, March 21, 1921:

Plaintiffs, husband and wife, sued to recover damages for personal injuries sustained by Martha Hope, the wife, and for loss of a horse and damages to a wagon, the property of James Hope, the husband, the result of a collision between defendant's car and plaintiffs' wagon, plaintiffs alleging negligence on the part of the motorman operating defendant's car. The jury rendered verdicts in favor of plaintiffs, and defendant appealed.

Mrs. Hope, one of the plaintiffs, was driving on a public highway a one-horse covered Dearborn wagon having two small glass inserts in the rear curtain for observing approaching vehicles from behind. Defendant's railway tracks paralleled the highway on her right. Mrs. Hope testified that, on noticing a wagon and automobile approaching from the opposite direction, she looked back through the glass inserts, and, not seeing a car in sight, drove toward and close to the car tracks of defendant and had proceeded forty-five or fifty feet when her wagon was struck by one of defendant's cars which approached without warning, the force of the contact turning the wagon completely around and throwing plaintiff to the ground, the car running approximately three hundred feet before being brought to a stop. A witness for plaintiff, a passenger on defendant's car, stated the wagon was "side-swiped," that the car approached at a speed of twenty-five or thirty miles an hour and ran about two hundred and fifty feet after the collision before stopping. The accident occurred on a steep hill, the surface portion of the roadway outside of the railway being merely of sufficient width to permit the passing of two vehicles. The motorman testified plaintiff's wagon was in view a distance of three hundred feet from the point of the accident.

On the foregoing state of facts, the questions of negligence on the part of the motorman and contributory negligence of plaintiff were clearly for the jury. Plaintiff had a right to use the road and to turn toward or

upon the tracks of defendant, if necessity required that she do so, subject, however, to the duty of looking for approaching cars and taking proper precautions to avoid a collision. While defendant's car was entitled to the right of way it was the duty of the mortorman to exercise that right in such manner as to afford those driving close to or upon the railway reasonable opportunity to leave the track or remove a sufficient distance from it to avoid injury. He was, accordingly, bound to observe the situation of plaintiff's wagon in front of him on the narrow roadway, and to anticipate that, in passing vehicles approaching in the opposite direction, plaintiff must necessarily drive close to the tracks, and he (the motorman) must not only give warning of his approach, but have his car under such control as the dangers of the situation seemed reasonably to require: Harper v. Transit Co., 258 Pa. 282. As the case was clearly for the jury, defendant's motions for a new trial and judgment non obstante veredicto were properly dismissed.

The judgment is affirmed.