# Kulp v. Lehigh Valley Transit Co., Appellant.

*Negligence—Automobiles—Trolley cars — Collision — Case for jury.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff was injured while riding as a guest in the automobile, which was struck and wrecked by an electric car of the defendant company. It further appeared that the accident occurred when the driver of the automobile turned his machine on the tracks of the defendant company, in order to avoid a collision with another automobile, approaching in an opposite direction and the car in which the plaintiff was riding was struck by the defendant's trolley car coming in the same direction. It further appeared that the trolley car must have been 300 or 400 feet away from the automobile when it stopped on the tracks, and evidence was produced that it struck the wrecked automobile with sufficient force to carry it 280 feet after the collision.

Under such circumstances, the case was for the jury as to whether the motorman exercised proper care, and a verdict for the plaintiff will be sustained.

*Automobiles—Collision—Invited guests.*

Where dangers, which are reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has had adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar a recovery. But the extent to which one, in the position of a guest, should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar in each case; unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issues involved must be submitted to the jury for determination.

*Practice, C. P.—Judgment of non pros—Rule to strike off—Discretion of court.*

Where judgment of non pros has been entered because of plaintiff's failure to file a statement, it is within the discretion of the court to set aside the judgment.

Where it is shown that the default of plaintiff to file the statement was entirely due to the oversight of reputable counsel, the court properly exercised its discretion in setting aside a judgment entered upon the rule of court, and such action will not be dis-

turbed except for clear error, to the substantial injury of the party complaining.

Argued April 18, 1922. Appeal, No. 235, Oct. T., 1922, by defendant, from judgment of C. P. Bucks Co., Jan. T., 1919, No. 28, on verdict for plaintiff in the case of Emma S. Kulp v. Lehigh Valley Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $555 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in striking off judgment of non pros, and refusal of defendant's motion for judgment non obstante veredicto.

*Harman Yerkes,* for appellant.—The court erred in sustaining the motion to strike off judgment of non pros: Schomaker v. Dean, 201 Pa. 439; Calhoun v. Monongahela B. and L. Association, 104 Pa. 393; Brenan's Est., 65 Pa. 16.

The plaintiff failed to prove that the defendant was guilty of negligence: Taylor v. Phila. R. T. Co., 55 Pa. Superior Ct. 607; Doyle v. Phila. R. Transit Co., 261 Pa. 248; Richmond v. Public Service Railway Co., New Jersey Supreme Court, No. 20, June Term, 1920, not reported; Eastburn v. United States Express Co., 225 Pa. 33; McKee v. Traction Co., 211 Pa. 47.

*Howard I. James,* and with him *Hiram H. Keller,* for appellee.—It was equitable to relieve the plaintiff for the oversight of counsel and the court exercised proper discretion in striking off the judgment of non pros:

Kelber v. Pittsburgh Plow Co., 146 Pa. 485; Trescott v. Coöperative Building Bank, 212 Pa. 47, 48; Strouse & Co. v. Bard, 8 Pa. Superior Ct. 48; Hass v. White Haven Boro., 54 Pa. Superior Ct. 75; Public Ledger Co. v. Kleinman, 75 Pa. Superior Ct. 345; Noll v. Royal Exchange Assurance Corp., 76 Pa. Superior Ct. 510.

The case was for the jury: Backstrom v. Kaufmann D. Stores, 266 Pa. 489; Beck v. Director General of Railroads, 268 Pa. 571; Minnich v. Easton Transit Co., 267 Pa. 200.

OPINION BY PORTER, J., July 12, 1923:

The plaintiff was injured while riding as a guest in an automobile, which was struck and wrecked by an electric car of the defendant company. She recovered a verdict and judgment in the court below and the defendant appeals. The only matters suggested for consideration by the statement of the question involved, contained in the brief of appellant, are: Did the court err in the rulings which may thus be summarized; striking off the judgment of non pros which had been entered under a rule of court; and in refusing, upon the trial, to give binding instructions in favor of the defendant? Assignments of error which attempt to raise questions not specified in or suggested by the statement of the question involved, will not be considered by this court: McIlvaine v. Powers, 270 Pa. 341.

The rule of the court below provided that unless a statement of plaintiff's cause of action was filed within one year after the issuing of the writ a judgment of non pros should be entered by the prothonotary, upon motion of the defendant. The writ in this case had been issued on January 10, 1919, and, no statement having been filed, judgment of non pros was entered on January 14, 1920. The attorneys for the plaintiff, on the 19th of the same month, presented their petition to the court averring that one of the counsel resided at Doylestown and the other at Bristol, in Bucks County, and being widely

separated, had relied upon each other to file the statement; that owing to this fact the statement had not been filed; that plaintiff was in no wise responsible, and praying the court to take off the judgment of non pros. The court, after a hearing, was of opinion that the default had been chargeable to counsel alone, that there would be a hardship upon plaintiff if she were deprived of the remedy at law against the defendant under the circumstances, and made an order striking off the judgment of non pros, upon payment of costs by the plaintiff, and permitting the statement of claim to be filed. The default of plaintiff having been owing entirely to the oversight of reputable counsel, the court properly exercised its discretion in setting aside the judgment entered under the rule of court. The judgment of the court, in such a case, should not be disturbed except for clear error, to the substantial injury of the party complaining: Trescott v. Co-Operative Bank, 212 Pa. 47; Noll v. Royal Exchange Corp., 76 Pa. Superior Ct. 510; Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441. After the judgment of non pros was entered the plaintiff could have paid the costs and brought a new action. The order of the court below required her to pay the costs accrued, and we are unable to perceive how the appellant can be said to be aggrieved by the action of the court.

The defendant, upon the trial, presented a written point for binding instructions, which was refused, and subsequently moved for judgment non obstante veredicto, which rulings are properly assigned for error. The contention of the appellant is that there was not sufficient evidence to warrant a finding that the negligence of the employees of the defendant was responsible for the accident, and that the court should have held, as matter of law, that the evidence of plaintiff established that she was guilty of contributory negligence. The track of the defendant company is laid upon a public highway, occupying the eastern part thereof. The track consists of T rails laid upon ties, with stone ballast to the top of the

ties. The part of the highway devoted to the exclusive use of automobiles and other vehicles is macadamized or, as some of the witnesses said, paved, which improvement extends up to and adjoins the western rail of defendant's track, and is of the width of 17½ feet. At the point where the accident occurred the space between the rails of the track had been filled up by ballast or planks for a distance of about 15 feet to afford a convenient crossing to a private residence fronting on the east side of the highway. The accident occurred on the fourth day of July, 1918, when there appears to have been considerable travel upon the highway. The plaintiff was then unmarried, her name being Emma S. Gulick, and, in company with three other persons, accepted an invitation to ride in the automobile of the gentleman who subsequently became her husband. The automobile in which they were riding was a Paige five passenger car. They had proceeded some distance along the highway in question, Mr. Kulp operating the car, and reached a point opposite the driveway into the Johnson residence, and there the accident occurred. There was a conflict of testimony as to how it came about, but the evidence was sufficient to warrant a finding of the following facts; The Kulp car was proceeding at the rate of between 12 and 18 miles an hour, and going in the same direction, about 20 feet in front of it was an automobile being driven by Mr. Baum, both cars were going north. The Baum car without any warning, suddenly stopped. An automobile being driven by Mr. Schuyler coming south, at the rate of about 20 miles an hour, meeting the Baum and Kulp cars had almost reached the front of the former car, which circumstance rendered it impossible for Mr. Kulp to pass on the west side of the Baum car. Mr. Kulp testified that he had either to run into the Baum car or attempt to pass it on the right hand, or eastern side; that in the emergency he attempted to do this, suddenly turning his car to the right; in this operation the right front wheel of the automobile crossed the westerly rail of the

track upon the crossing into the Johnson residence, but as he proceeded, the right-hand wheels of the automobile came upon the ties between the rails of the track and his engine then stalled, the car standing with the right-hand wheels upon the track; in this position the automobile was struck and the plaintiff injured by an electric car of the defendant company going north, that is, approaching from behind the automobile. Mr. Baum testified that when the Kulp car stopped with its right-hand wheels upon the track another man cried out "trolley"; that he thereupon looked back and saw the electric car approaching and that it was then 600 feet away. Mr. Schuyler, who appears to have been an absolutely disinterested witness, testified that when he saw the Kulp car standing upon the track, recognizing the danger of the situation, he continued to drive on, at the rate of about 22 miles an hour, to meet the trolley car and warn the motorman of the danger; that he thus proceeded about 150 feet from where the Kulp car was standing and met the trolley car, and his testimony would have warranted a finding that when the Kulp car came to a standstill upon the track the trolley car must have been 350 to 400 feet distant therefrom. The testimony would have warranted a finding that the trolley car was proceeding at such a rate of speed that it not only covered the distance between it and the Kulp car but that it carried the wreckage of the latter for 280 feet before being brought to a stop. It was an undisputed fact that the car was running on a upgrade. That it should thus have carried the wrecked automobile for a distance of 280 feet after the collision was certainly sufficient to warrant a finding that it had been running at a high rate of speed, or that the motorman had made no effort to check its progress.

The track of the defendant was upon a public highway. If the motorman of the defendant company saw, or in the exercise of due care, ought to have seen, the Kulp car on the track, and by slowing up his car could have avoided the collision, and failed to stop or slow up his

ear, or if, having regard to the narrowness of the traveled portion of the highway, the amount of travel thereon, the construction of the track, and the form of the rails, the difficulty of getting off the track, the grade, and all the other circumstances, the car was being run at a dangerous speed and in consequence the motorman was unable to check it sufficiently to prevent a collision with one, who, without negligence, happened to be on the track, and if the collision could have been prevented if the car had been running at proper speed, then the question, whether the motorman exercised care according to the circumstances, was for the jury; it certainly was not for the court to declare that he did exercise such care: Davidson v. Traction Co., 4 Pa. Superior Ct. 89; Sieb v. Central Penna. Trac. Co., 47 Pa. Superior Ct. 228; Thatcher v. Central Traction Co., 166 Pa. 68; Knobeloch v. Pgh., H., B. & New C. R. R. Co., 266 Pa. 144; Hope v. Southern Pa. Traction Co., 270 Pa. 115. The motorman testified that at the rate at which he was running he could have stopped the car in from 112 to 150 feet. Yet he admitted that his car ran and carried the wreckage of the automobile 125 feet after the collision. With all these facts in evidence the court could not declare, as matter of law, that the employees of the defendant company were not guilty of negligence. This case is clearly distinguishable from that of Taylor v. Transit Co., 55 Pa. Superior Ct. 607, and 245 Pa. 189; in which the accident occurred on the private right-of-way of the defendant, to the use of which it had the exclusive right. The track of this defendant was constructed upon the public highway, and the plaintiff was not a trespasser. The fact that the track was constructed with T rails, in a manner which rendered it difficult to get the wheels of a vehicle out when they happened to pass over one of the rails, placed upon the drivers of vehicles the duty of greater care in avoiding collisions with the electric car, and this it was proper for the jury to consider. The court could not declare, as matter of law, that any and

all persons who at any time happened to be upon the track of this defendant, within the lines of the public highway, were trespassers.

The question of the contributory negligence of the plaintiff was for the jury. Where dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar a recovery. But the extent to which one, in the position of a guest, should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar to each case; unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issues involved must be submitted to the jury for determination. In situations of great and sudden peril, meddlesome interference with those having control, either by physical act or by disturbing suggestions and needless warnings, may be exceedingly disastrous in results. Kulp, the driver of the automobile, acted in an emergency, suddenly without warning turned his car to the right; his guests, of whom this plaintiff was one, had no notice of his contemplated action and had neither time nor opportunity to protest. This being so, the question of the contributory negligence of the plaintiff was for the jury: Minnich v. Easton T. Co., 267 Pa. 200; Beck v. Director General of R. R., 268 Pa. 571. The questions of the negligence of the defendant's employee and that of the contributory negligence of the plaintiff were submitted to the jury with adequate and correct instructions, of which the appellant does not even complain. The specifications of error are overruled.

The judgment is affirmed.