# Uhler *v.* Lehigh Valley Transit Company, Appellant.

*Negligence—Automobile—Street railway—Crossing in front of moving trolley car—Contributory negligence.*

In an action of trespass for damages to an automobile resulting from a collision with a street car, there was evidence that the driver of the automobile turned suddenly to cross the car tracks running parallel with the highway and was immediately struck by a trolley car approaching from the opposite direction. Another automobile was traveling in the same direction as the trolley car, but testimony showed that there was ample space in the roadway for two cars to pass without encroaching on the railway tracks. The testimony clearly showed that if the driver's error of judgment was due to his belief that he was in danger it was not the trolley car but the automobile that placed him in the supposed danger.

Under such circumstances the driver was guilty of contributory negligence and judgment in favor of plaintiff will be reversed.

The rule that one placed in a position of sudden danger by the negligence of another is not responsible for an error in judgment while attempting to escape such peril applies only in an action by or against the person whose negligence placed him in danger. The defendant company did nothing to create the emergency which put the plaintiff's driver in jeopardy and in respect to it the contributory negligence of the latter would prevent a recovery.

Argued October 18, 1927. Appeal No. 289, October T., 1927, by defendant from judgment of C. P., Northampton County, April Term, 1925, No. 105, in the case of J. Lloyd Uhler v. Lehigh Valley Transit Company. Before Porter, P. J., Henderson, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.

Trespass for damages to an automobile. Before McKeen, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,645 and judgment thereon. Defendant appealed.

*Error assigned* was the order of the court.

*Asher Seip,* for appellant.

*Calvin Smith,* of *Smith & Paff,* for appellee.

OPINION BY KELLER, J., April 18, 1928:

The plaintiff recovered a verdict against the defendant for wrecking his automobile in a collision with defendant's trolley car. Defendant has appealed from the refusal of the court below to enter judgment in its favor non obstante veredicto. It is our duty, on this appeal, to review the evidence taken on the trial in the light most favorable to the plaintiff and to determine all disputes of fact and draw all inferences in his favor: Cramer v. Aluminum Co., 239 Pa. 120, 125.

For the purposes of this appeal the negligence of the defendant company is admitted. The sole question is whether plaintiff's driver must be held guilty of contributory negligence as matter of law.

Defendant operates a double track electric railway between Allentown and Bethlehem. Proceeding eastward from Allentown to Bethlehem, the railway at the junction of Hamilton and Carlisle Streets, Allentown, curves to the left, or north, onto Hanover Avenue, and proceeds on that street, almost due north, for a distance of nearly nine hundred feet, and then at Dauphin Street curves to the right, or eastwardly. Hanover Avenue is about fifty-one feet wide. Fourteen feet eight inches of the street are taken up by the two car tracks, which are not in the middle of the street. The roadway west of the tracks, for vehicular traffic to Allentown, is fourteen feet wide; then comes the Allentown-bound car track; then the Bethlehem-bound car track; then the roadway east of the tracks, for vehicular traffic to Bethlehem, twenty-two feet four inches wide. At the time of the accident the roadway west of the tracks was being repaired, and was im-

passable to traffic for several hundred feet southward from the curve at Dauphin Street.

On the night of March 10, 1924, plaintiff's agent, Faulkner, was driving plaintiff's car from Bethlehem to Allentown. The night was dark and a fine rain was falling. Shortly after eleven o'clock he arrived at the curve at Dauphin Street, and the headlights of his automobile were seen making the turn by passengers in defendant's "Limited" car traveling to Bethlehem, just as it was making the curve from the opposite direction at Carlisle Street. The roadway on which Faulkner was traveling became impassable shortly thereafter, as before mentioned, and he crossed defendant's tracks and proceeded on the east side of the roadway for several hundred feet. Defendant's car was traveling at the rate of about twenty-five miles an hour. Another automobile was traveling in the same direction as the trolley car, and nearly even with it, in the roadway east of the tracks. When Faulkner got to a point about thirty feet distant from the approaching trolley car he turned suddenly and sharply to his right to cross over to the west side of the road, which was passable for travel from that point on, and his automobile was hit by the trolley car almost immediately, the car striking the part of the automobile where the driver was sitting. The automobile was demolished and the driver killed. One of plaintiff's witnesses testified that the automobile's headlights flashed across the track followed almost simultaneously by the crash. Another said: "I saw it when it made the turn; a second or something like that, it made a crash" ...... "It was like when I see the light—pst—now there was an accident." There was no testimony as to the speed of plaintiff's automobile at the time except that it was going fast; but as the evidence most favorable to the plaintiff was that the accident occurred about half-way between the curves, and the trolley car and the

automobile had, therefore, traveled about an equal distance in the same time, it must have been going at about the same speed as the trolley car. A vehicle traveling twenty-five miles an hour, goes thirty-six and six-tenths feet in a second; and two vehicles approaching each other at that speed would cover seventy-three feet in one second of time. It is evident that not over a second or two elapsed between the time plaintiff's driver started to turn and cross defendant's track and the collision occurred.

The court below excused the driver of contributory negligence on the ground that he apparently turned and attempted to cross the track to avoid the automobile coming towards him on the roadway from the direction of Allentown. But his danger from that source was no excuse for his attempting to cross defendant's track immediately in front of the oncoming trolley car, the headlight of which was plainly visible, a very short distance away. There was ample space in the roadway, twenty-two feet, for two automobiles to pass, but even if the position of the approaching automobile was such as to place plaintiff's agent in danger because of his necessary use of a part of the roadway generally used for traffic in the other direction, he could not in order to escape the one danger recklessly attempt the crossing of defendant's track, to which he clearly had only a subordinate right of passage, and visit the consequences on the defendant. The rule that one who is placed in sudden danger by the negligence of another is not to be held responsible for an error of judgment while attempting to escape such peril, applies only in an action by or against the person whose negligence put him in peril. The defendant company, though it may have been running its car at too high a rate of speed, had done nothing to create the emergency which put the plaintiff's driver in jeopardy. It was the automobile traveling beside the trolley car in the direction of Bethlehem

that did that, and the defendant had no part in it.  In order to escape a threatened danger from A., a man may not recklessly cross the track of a railroad or street railway, without observing the precautions laid down by law, and in the very path of an approaching train or trolley car, and hold the latter responsible for his resulting injuries, because the train or trolley car may have been going faster than was reasonable.  If his danger was due to the negligence of A., he might hold the latter responsible for his injuries, despite an error of judgment suddenly made in a moment of peril; but a third person, who had done nothing to place him in his first position of peril, is not subject to the same rule.  As respects such third person the question of the injured person's contributory negligence is on a wholly different footing.

The court below was also of opinion that the evidence of defendant's witnesses as to the skidding of the automobile was sufficient to take the case to the jury.  But it is clear from a careful reading of the evidence that the two witnesses for defendant who mentioned the skidding of the automobile referred to a skidding caused by Faulkner's sudden turn to cross defendant's track.  Stockwell in explaining his reference to the car sliding, said (p. 127a): "Some would say skidding; in other words coming and making a turn and the rear slides," which was in consonance with his earlier testimony as to the driver's sudden turn to the track; and Mohr in testifying to the location of the marks on the ground, said (p. 306-a) he found the marks, "from about half the distance where he started to turn until he got into [was struck by] the car."  He also had testified to Faulkner's sudden turn towards the track.  A skidding or sliding resulting from a sudden turn towards defendant's tracks, in the attempt to cross it ahead of defendant's fast approaching trolley car, would not excuse the driver of the automobile from his contributory negligence.

We are of opinion that in attempting to cross in front of defendant's fast approaching trolley car, when it was only thirty feet away and plainly visible, plaintiff's driver was guilty of contributory negligence, irrespective of the fact that he may have adopted that course for fear that if he went on as he was going he would run into another automobile. The defendant was not responsible for his first position of peril and cannot be visited with its consequences.

The assignments of error are sustained. The judgment is reversed and is now entered for the defendant non obstante veredicto.