632

## Miller et al. v. John Dunlop's Sons et al.

*F. A. Stebbins,* for plaintiff; *C. H. Ashton,* for defendant.

LEWIS, P. J., March 25, 1931.—This appeal from the action of the Workmen's Compensation Board, affirming the findings, conclusions and award of the referee, raises but one question, viz.: Did the accident, out of which the claimant's disability arose, occur while he was engaged in the furtherance of the business and affairs of the defendant?

To resolve that question, we must inquire: First. Are the findings of fact supported by competent evidence? Second. Has the proper conclusion of law been applied to these facts?

First. The question, whether there is evidence to sustain findings that the claimant was or was not doing a certain thing when injured, is one of law which may be reviewed to the extent only of deciding whether there is such evidence in the record: Callihan *v.* Montgomery, 272 Pa. 56.

If such evidence appears, the finding becomes one of fact, and is not the subject of review, even though the referee and the board might well have decided the point differently, and the court would probably have done so: Stahl *v.* Watson Coal Co., 268 Pa. 452; Price et ux. *v.* Glen Alden Coal Co., 100 Pa. Superior Ct. 260.

The referee's findings of fact, sustained by the board, may be summarized as follows:

The claimant, James G. Miller, was employed by the defendant, John Dunlop's Sons. On August 30, 1929, he was on the day turn. His quitting time was at or a little before 6 P. M. Shortly before that time the defendant's day foreman asked him to return after supper to do some extra work. At six o'clock the defendant "punched out" at the time clock, and then immediately "punched in," although he did not actually return to work again until a few minutes before 7 P. M. The claimant left the defendant's plant about 6 P. M., went to his home, and returned to the plant a few minutes before 7 P. M. Upon arriving at the plant, he went to the place where his work was to be done. As he was about to start his work, he found he had left at home a small wrench, the property of the defendant, which it was convenient and possibly necessary for him to use in the work his foreman had directed him to perform. He told the night foreman he would need it for the work he was to do, and received permission from the foreman, who had authority to give it, to go to his home and get the wrench. The claimant returned to his home, procured the wrench, and on his way back to the defendant's plant

was injured. At the time the claimant met with his injury, he had been permitted to return to his home, after reporting at his place of work, to get a necessary wrench.

Upon a careful examination of the record, competent evidence supporting these findings appears. Therefore, even though this court might have reached a different conclusion, the facts found must be accepted.

Second. With the finding of fact that the claimant was "permitted to return to his home, after reporting at his place of work, to get a necessary wrench which he used in his work," the referee mixed the conclusion of law that when so doing the claimant "was engaged in the furtherance of the business and affairs of the defendant." This question whether, on the state of facts above summarized, the claimant was injured while engaged in the furtherance of the business and affairs of his employer, and, therefore, in the course of his employment, is a question of law, and, as such, is open to review.

"If an insurance carrier is to be held liable for compensation to an employe as the result of an 'injury by an accident in the course of his employment,' it should at least appear that the injury, if it occurred off the employer's premises, had some connection or was concerned in some manner with the business of the employer whose insurance the carrier undertook. The connection or interest need not be close—the injury need not arise out of the employment—but when the accident occurs off the employer's premises, the errand or work of the employe must bear some relation to the business, enterprise, trade or profession whose operations were insured:" Zenker v. Zenker, 93 Pa. Superior Ct. 255.

Industry of counsel for both the appellant and appellee has developed no reported case in which the facts are on all fours with the instant problem.

In the case of Chisler v. Evans Coal and Coke Co., 46 Pa. C. C. 293, the Court of Common Pleas of Fayette County held that a workman sent by his foreman to the foreman's home to procure the foreman's dinner bucket, and injured while so doing, was in the course of his employment, and it seems that the errand of the claimant in this case, to procure a tool convenient or necessary to the work in which he was to engage, has a closer connection or relation to the business of the employer.

It is urged on behalf of the appellant that the wrench was removed by the claimant from the defendant's plant contrary to the instructions of the defendant; that the claimant became a tortfeasor by so removing the wrench, and that he may not profit by his own wrongful act. The answer to this proposition is that when the claimant applied to the night foreman for permission to go and get the wrench, the night foreman might have furnished him with another similar wrench out of stock, and caused him to be charged with the value of the wrench removed. He might have directed the claimant to perform his work with some other tool. The foreman did not do so; he gave the permission asked. The taking of the wrench was a violation of orders; the trip to get it was not.

It is urged on behalf of the appellant that the claimant's fraudulent punching of the time clock should be considered in the disposition of this appeal. That act bears upon the credibility of the claimant, which this court is not now permitted to consider.

It seems the controlling fact is that the claimant was permitted to go off the premises of the employer to procure a necessary or convenient tool for use thereon, and that for the purposes of this case, it does not matter whether he went to a hardware store, a machine shop, his own home, or to some other place, to procure that tool.

634

We are of opinion that there is evidence to support the findings of the referee, and that the proper conclusion of law has been applied to those findings.

### Decree.

And now, March 25, 1931, for the reasons stated in the opinion herewith filed, the appeal to this court from the decision of the Workmen's Compensation Board is dismissed. The decision of the board is affirmed, and judgment is entered in favor of the claimant and against the defendant.

From Archibald F. Jones, Coudersport, Pa.