# Gordon v. Beaver Valley Traction Co., Appellant.

*Negligence—Street railways—Wagon—Collision—Case for jury.*

1. Where the evidence tends to show that a street car ran into the rear of a wagon, being driven upon the track ahead of it, the case is for the jury in the absence of clear evidence of contributory negligence.

2. In such case the driver of the wagon is entitled to warning, and to sufficient time to turn off the track into safety.

Argued Oct. 9, 1914. Appeal, No. 224, Oct. T., 1914, by defendant, from judgment of C. P. Beaver Co., March T., 1912, No. 211, on verdict for plaintiff in case of Jacob Gordon v. Beaver Valley Traction Company. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HOLT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were instructions to the jury, refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*D. A. Nelson,* for appellant.

*J. Sharp Wilson,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1915:

The right of the plaintiff in this case to recover, depended entirely upon the finding of facts by the jury. We are unable to see that any disputed question of law was involved. The evidence offered upon the part of the plaintiff tended to show that while he was driving along

the street car track, his wagon was struck by a car of the defendant company which approached from the rear, and that in consequence of the collision, plaintiff was thrown from his wagon to the ground, and sustained severe injuries. Upon the other hand there was evidence offered upon the part of the defendant which tended to show that the night was dark and rainy, the rails wet and slippery, and that the motorman did not see the plaintiff on the track ahead of him, until the car was within fifty or one hundred feet of the wagon, and that thereupon he sounded the gong, and used every reasonable effort to give the plaintiff warning, and endeavored to the best of his ability to stop the car in time to avoid a collision. There was also evidence, that the car was actually stopped before the wagon was struck, and that the plaintiff was not thrown off, but jumped and thus brought upon himself the injury which he received. This conflicting evidence was submitted to the jury in a charge, of which we do not see that appellant has any reasonable cause to complain. The trial judge could not under the evidence, have properly given to the jury binding instructions in favor of the defendant, nor would he have been justified in entering judgment for the defendant, non obstante veredicto. The circumstances of the alleged collision were fully shown. There is no suggestion in the testimony that the plaintiff drove upon the track when the car was so near as to render the collision unavoidable. It seems to have been admitted that he was fairly upon the track, at a considerable distance in advance of the car. As we have often held in similar cases, it was the right of the plaintiff to drive on any part of the street, subject to the superior right of the defendant to the use of its tracks, and warning of the approach of the car should have been given to plaintiff, and he should have been allowed sufficient time to get off the track in safety. Whether or not such warning was given, or sufficient time was allowed him to get out of the way; or whether the car actually struck the wagon, and

caused the injuries to plaintiff for which he sought to recover, were all questions of fact for the jury, and as such they were properly submitted.

The assignments of error are all overruled, and the judgment is affirmed.