# Fleck v. Altoona & Logan Valley Electric Railway Company, Appellant.

*Negligence—Street railways—Driving wagon on track—Contributory negligence—Case for jury.*

A person who drives a wagon on the tracks of a street railway is not a trespasser thereon; he only becomes one if, after notice, he negligently remains on the tracks. If it is impossible for him to leave the tracks the railway company is bound to observe his situation, and to have its car under such control as to give the driver a reasonable opportunity to get off the tracks.

Where a person drives a wagon upon the tracks of a street railway, and at a point where he has an unobstructed view for two squares, looks back and sees no car in sight, and proceeds along the street for a distance of 150 to 200 feet during the whole of which distance the street is blocked on either side in such manner as to prevent his leaving the tracks, he cannot be charged with contributory negligence in not looking back before his wagon is struck by a car from behind.

*Practice, C. P.—Trial—Statement of counsel to* jury—Refusal
*to withdraw juror.*

In an action to recover damages for injuries to a horse, it is not reversible error for the trial judge to refuse to withdraw a juror and continue the case, because counsel for the plaintiff in opening to the jury, states the value of the horse that was injured.

Argued Oct. 26, 1915.  Appeal, No. 151, Oct. T., 1915, by defendant, from judgment of C. P. Blair Co., March T., 1915, No. 295, on verdict for plaintiff in case of C. H. Fleck v. Altoona & Logan Valley Electric Railway Company.  Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Trespass to recover damages for injuries to a horse and wagon and for personal injuries.  Before GILLAN, P. J., specially presiding.

The circumstances of the accident are stated in the opinion of the Superior Court.

At the trial counsel for plaintiff in his opening to the jury stated that the plaintiff was the owner of a horse which was valued at $300.00 before the accident.

. "Counsel for defendant objects to this statement, moves to withdraw a juror and continue the case.

"By the court:

"While it might have been better for counsel for the plaintiff not to have named the price of the horse, he did not name to the jury the amount of damages claimed; he did say the horse was a valuable one and was worth $300.00.  The plaintiff's statement does not claim that the horse was killed, but simply injured.  The motion of

Mr. Greevy to withdraw a juror and continue the case is, therefore, denied, to which Mr. Greevy takes an exception." (1)

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $427.50. Defendant appealed.

*Errors assigned* were (1) in refusing to withdraw a juror and continue the case, and (4) in refusing binding instructions for defendant.

*Thomas H. Greevy,* for appellant.—The accident could have been avoided had the plaintiff looked back: Speakman v. Philadelphia & West Chester Traction Co., 42 Pa. Superior Ct. 558; Kaechele v. Traction Co., 15 Pa. Superior Ct. 73; Kannenberg v. Conestoga Traction Co., 215 Pa. 555.

It is error for counsel to state to the jury the amount of damages claimed in the declaration. The damages are to be ascertained by the jury from the evidence and are not to be determined by any estimate of counsel not based on the evidence: Quinn v. Philadelphia Rapid Transit Co., 224 Pa. 162; Carothers v. Pittsburgh Rys. Co., 229 Pa. 558.

*R. A. Henderson,* with him *H. W. Culp,* for appellee.— Plaintiff was not guilty of contributory negligence: Friedland v. A. & L. V. E. Ry. Co., 59 Pa. Superior Ct. 539; Thatcher v. Central Traction Co., 166 Pa. 66; Dyer v. Philadelphia Rapid Transit Co., 58 Pa. Superior Ct. 634.

OPINION BY KEPHART, J., March 1, 1916:

The plaintiff, a retail milk dealer, was using Green avenue one of the main thoroughfares of the city. Most of the vehicles going to and from either side of the city travel upon this avenue. Both sides of it are occupied by wholesale and other business houses among which is

the market house. As the plaintiff traveled south from Ninth street this avenue on the east was partly torn up or in use by teams traveling from Tenth to Ninth street. The west side was occupied by three teams and an automobile and as the avenue was only twenty-six feet in width it was necessary for him to use a portion of the street occupied by the tracks of the defendant. Before leaving Ninth street his son looked back for a car. Seeing none approaching, the plaintiff drove a distance of 150 to 200 feet towards Tenth street and was about to turn off the tracks when he was struck. The plaintiff says that at no place after he left Ninth street could he have sooner left the tracks, being prevented by the conditions above stated. He knew that cars traveled only in the direction in which he was going, and after leaving Ninth street he did not again look back to see if a car was coming. Defendant's negligence consisted in not having its car under proper control. Was the plaintiff guilty of contributory negligence? It was not negligence per se for him to be upon the tracks and while on the tracks driving his wagon his right "in certain particulars, is subordinate to that of the railway; the street car has, because of the convenience and exigencies of that greater public which patronizes it, the right of way; whether going in the same direction ahead of the car, or in an opposite·one to meet it, the driver of the wagon must yield the track promptly on sight or notice of the approaching car; but he is not a trespasser because upon the·track; he only becomes one if, after notice, he negligently remains there": Thatcher v. Central Traction Co., Appellant, 166 Pa. 67; Dyer v. Philadelphia Rapid Transit Co., 58 Pa. Superior Ct. 634. It was, therefore, the plaintiff's duty to take greater care when he was using the tracks of the company than he would while driving on the highway outside of the tracks. He should exercise reasonable judgment and care such as the law requires of a prudent man diligent for his own protection and that of his property. If warning were given him it

was his duty to leave the tracks; but, though the warning were given, which he denies, if it was impossible for the plaintiff to leave the tracks, the defendant was bound to observe these circumstances and so have its car under control as to give the plaintiff a reasonable opportunity to get off the tracks. "Although the defendant company was entitled to the right of way its employees were bound to exercise the right in such a manner as to give those driving along the track a reasonable opportunity to get out of the way when notified of the approach of a car": Friedland v. Altoona and Logan Valley Electric Railway Company, Appellant, 59 Pa. Superior Ct. 539. The plaintiff having looked back at Ninth street where his vision was unobstructed for two squares and no car being in sight, he proceeded along a street blocked on either side in such manner as prevented his leaving the tracks, and considering the crowded condition of the• street under the facts as here presented we cannot say as a matter of law that he was guilty of contributory negligence in not looking back before his wagon was struck. This case is clearly distinguishable from Speakman v. Philadelphia & West Chester Traction Company, Appellant, 42 Pa. Superior Ct. 558. In that case the plaintiff had ample room to drive alongside the tracks. His negligence consisted in driving so close to the tracks as to prevent the cars from passing. The assignments of error which complain of the refusal of various points are overruled. They were all dealt with by the court in its general charge, if not fully answered, and present no substantial reason for reversal. The charge carefully covered the law and the facts and presented the defendant's case fairly to the jury. The plaintiff's case did not rest solely on the testimony of one witness but of several witnesses, and, though contradicted by others, their credibility was for the jury. The number of witnesses testifying to the same circumstances as related by the plaintiff does not bring the case within the line of authorities urged by appellant as controlling the charge of the

court; nor do we feel that reversible error was committed in the refusal of the court to order a continuance of the case when counsel for the appellee stated to the jury the value of the horse that was injured. It was the assertion of a fact known to exist as distinguished from an unliquidated sum to be made up from various facts and conditions. It cannot be likened to a statement of the amount of damage claimed in an action for personal injuries or other actions of like nature.

The assignments of error are overruled and the judgment is affirmed.