## Fisher *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Automobiles—Collisions—Trolley cars — Case for jury.*

In an action of trespass to recover for damages to automobile, the evidence established that the plaintiff's automobile was struck in the rear by the defendant's car, that the view of the motorman

was unobstructed, and that the automobile was moving at a speed of about eight miles an hour. It was also established that no signal was given by the motorman of the trolley car.

In such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

Argued October 10, 1923. Appeals, Nos. 197 and 198, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, Feb. T., 1923, No. 109, on verdict for plaintiff in the case of Edna C. Fisher, by her father and next friend, Bernard Fisher, and Bernard Fisher in his own right, v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for injuries to person and property. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Edna C. Fisher, in the sum of $1,000 and in favor of plaintiff, Bernard Fisher, in the sum of $30, and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*Joseph J. Tunney,* for appellant.

*Donald Swartz,* of *Swartz & Campbell,* for appellee.

OPINION BY HENDERSON, J., December 10, 1923:

This case as presented turns on the inquiry whether there was evidence of negligence of the defendant which required the submission of the case to the jury. The defendant offered no testimony and the case rested, therefore, on the evidence presented in support of the action. From that testimony the jury could have found that when the automobile, in which the plaintiff was riding northwardly on Forty-eighth Street, was turned by the

driver to the right on Spruce Street and was moving eastwardly, the trolley car, approaching Forty-eighth Street from the west, was 250 to 275 feet west of that street; and that the automobile was 60 or 70 feet east of Forty-eighth Street when it was struck by the trolley car following it.    The view of the motorman was unobstructed, as was that of the driver of the automobile. The wheels on the left side of the automobile were over the south rail of the trolley track, and the automobile was moving at a speed of about eight miles an hour.    On such a state of facts it was a proper inquiry for the jury whether the motorman could not have controlled the car and thus prevented the collision.    It was proved that no signal was given of the peril to which the persons in the automobile were subjected, and no reason is suggested why the street car must necessarily have struck the automobile in the exercise of due diligence by the motorman: Gordon v. Beaver Valley Traction Co., 247 Pa. 248; Wagner v. Transit Co., 252 Pa. 354.

It is contended by the appellant that the plaintiff failed to establish the averment of the statement of claim that the car was moving at an undue rate of speed; but that is not the only charge in the case.    The material averment is that its movement was not properly and reasonably controlled at the time and in the circumstances with respect to the safety of the plaintiff.

The statement of claim therefore covers a charge of negligence on which the verdict can rest.

The judgment is affirmed.