## Kensington Carpet Company v. Philadelphia Rapid Transit Company, Appellant.

*Negligence—Collision between trolley car and automobile—Case for jury.*

In an action for damages for injuries to motor truck, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue is one of fact as to the exact manner in which the accident occurred, and the evidence is sufficient to sustain the verdict.

Argued October 21, 1924. Appeal, No. 124, Oct. T., 1924, by defendant, from judgment of Municipal Court, Phila. Co., Feb. T., 1923, No. 304, on verdict for the plaintiff in the case of Kensington Carpet Company v. Phila. Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for injuries to motor truck. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $880 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*David I. Scanlon,* for appellant.

*William O. Armstrong,* for appellee.

OPINION BY LINN, J., November 17, 1924:

The only assignment of error is to the refusal of judgment n. o. v. Two collisions occurred close together. The damage compensated by the verdict resulted from the second collision. Plaintiff's truck, in the car tracks in 6th Street, followed a short distance behind a street car approaching Westmoreland Street. The truck driver's attention being attracted by a boy jumping on the back of the truck, he did not observe until within eight or ten feet of it, that the street car preceding him, had stopped at Westmoreland Street; he then put on brakes and, as he said, "collided slightly with" the trolley car, though without damaging his truck; having followed that street car for several hundred feet, he should have had his truck under control; failing that he was responsible for the collision, a responsibility, however, which is immaterial here, as the verdict implies that the jury accepted his statement that the collision was harmless.

When the truck and street car were standing as the first collision left them, a street car which had followed plaintiff's truck, and shortly before, had been observed to be 225 feet behind it, ran into and damaged it. That second collision, the jury was warranted in attributing

to the motorman's negligence; he had been following the truck with no obstruction of view for over 200 feet and had seen that it was preceded by another street car, approaching Westmoreland Street, which was a stopping point; it was therefore his duty to have his car under control with relation to the truck ahead of him. His testimony, if believed, relieves him of negligence and charges plaintiff's driver with responsibility. But we must disregard his evidence in disposing of the point assigned for error, and take the evidence supporting the verdict; so considering the record, the appeal has no merit: Fisher v. Phila. Rapid Transit Co., 82 Pa. Superior Ct. 262, 264; Gordon v. Traction Co., 247 Pa. 248.

Judgment affirmed.