## Trexler v. Lehigh Valley Transit Company.

*Negligence—Contributory—Automobiles—Street railways—Rear-end collision.*

1. It is the duty of one about to enter upon or near to the tracks of a street railway to look for approaching cars, even though he is required to look backward, and failure to do so in clear cases amounts to contributory negligence as a matter of law.

2. A driver of an automobile is negligent if, impelled by no necessity to drive near or upon the tracks of a street railway, he does so without looking and without taking proper precautions.

Trespass for damage to automobile. Rule for judgment for defendant *n. o. v.* C. P. Lehigh Co., June T., 1926, No. 93.

*Orrin E. Boyle,* for plaintiff; *Dewalt & Heydt,* for defendant and rule.

RENO, P. J., March 14, 1927.—In Allentown, Hamilton Street runs east and west, and upon it are two tracks of defendant company, the southern track carrying eastward-bound cars and the northern track the west-bound cars. Hamilton Street is intersected by Third and Fourth Streets, which run north and south, and between these streets and parallel to them are the tracks of the Allentown Terminal Railroad. The passenger station of the Allentown Terminal Company, sometimes called the Central Station, is situate on the south side of Hamilton Street, immediately west of the tracks of that company.

At 8.10 A. M. on May 24, 1924, a clear and bright day, plaintiff drove his automobile eastward on Hamilton Street, running along the south side of that street. At the Allentown Terminal Station he passed two of defendant's trolley cars on the southern tracks. The first car was "a depot car;" the second was a freight car. The freight car was headed eastward and was, when seen by plaintiff, a few feet west of the first track of the Allentown Terminal Railway. Whether the freight car was standing still or was starting is not clear. Upon that point plaintiff testified as follows:

"Q. And this freight car was standing very close to the railroad? A. Yes. . . . Q. The freight car was standing still? A. I didn't say so. Q. Was it standing still? A. No; it was starting out. Q. When you were near the freight car started out? A. Yes."

Be that as it may, plaintiff saw the freight car. He drove his automobile across the tracks of the Allentown Terminal Company and kept on in a gen-

eral eastwardly direction. When he reached a point about fifteen feet east of the eastern rail of the Allentown Terminal tracks, he felt an impact in the rear and to the side of his automobile and found that the freight car had struck him in the rear. The freight car pushed his automobile for a distance of seventy-two feet. In this manner he sustained the injuries to his automobile which form the basis of his action.

Naturally, a part of his automobile occupied the space given to the tracks of the defendant company. It was not necessary that he occupy that space; the southern side of Hamilton Street, between the southernmost rail and the southern curb-line, was admittedly wide enough to permit passage of his automobile, and that space was not occupied by any other vehicles or traffic. Had he used that space the accident would not have occurred. Just when he started to run upon or near the tracks is not clear, but it is undisputed that, before going upon or near the tracks, he did not look to the rear for an approaching car. Upon that point he testified:

"Q. Did you see it come? A. No, I didn't look behind; I knew it was there when I started to cross over. . . . Q. And you say that you didn't look at this car at all? A. No; why should I? Why should I have looked back? Q. You say you didn't look? A. No. . . . Q. But you say that you did not look behind? A. No; when I drive I don't look behind; I must watch the front and not the rear."

The jury awarded him a verdict. Upon this motion for judgment *n. o. v.* the question is: Whether, giving him the benefit of all the evidence in his favor and all the inferences that may be drawn from that evidence, the verdict can be sustained.

We assume, without deciding, that there was sufficient evidence to sustain a finding that defendant company was negligent. This leaves open for discussion this question: Was plaintiff guilty of contributory negligence as a matter of law in going upon or near the defendant's tracks without looking to the rear for an approaching car?

We cannot escape the conclusion that, if the trolley car was starting and, therefore, in motion when plaintiff passed it at the station, he drove into the path of a moving car without looking to see whether it was safe for him to occupy the tracks. If the trolley car was standing still, he is not in much better shape; for even then he entered the space given over to the trolley cars without looking, knowing that there was a car upon the tracks a short distance behind him. Admittedly, he did not look to the rear before he entered that space. He claims that he was not required to look.

The authorities do not support him. Speakman *v.* Philadelphia and West Chester Traction Co., 42 Pa. Superior Ct. 558, holds (quoting the syllabus) that "if a person drives an automobile with rear and side curtain down, at a speed of ten or fifteen miles an hour, in the daytime and too close to a trolley track for a car to clear the machine and the machine is struck from behind by a car which the driver of the machine could have avoided if he had looked back, the driver is guilty of contributory negligence as a matter of law and there is no case for the jury." In the opinion, Judge Morrison says: "In the present case the plaintiff does not pretend that he looked back or that he took any precaution to prevent such an accident as the one that occurred, except to run his automobile at a speed of ten or fifteen miles an hour too close to the trolley track for a car to clear his machine. If he was relying on his companion to look back and warn him of an approaching car, it is absolutely certain that the latter did not discharge his duty, because he neither saw nor heard the car until it struck the automobile. From this state

Trexler *v.* Lehigh Valley Transit Company.

of facts we are unable to reach a conclusion that the plaintiff was not guilty of contributory negligence. If it was not careless of him to drive his automobile in the manner above indicated, without looking back along the track or having his companion do so, then we are at a loss to understand what carelessness means. And if he was careless in the circumstances which are not in dispute, such carelessness amounted to contributory negligence."

Of course, this rule does not apply in all circumstances. When a person enters the tracks of a street railway and, looking back, sees no car in sight, and then proceeds upon the tracks for a considerable distance because the sides of the street are blocked in such manner as to prevent his leaving the tracks, he is not chargeable with contributory negligence as a matter of law: Fleck *v.* Altoona and Logan Valley Electric Ry. Co., 62 Pa. Superior Ct. 500. From these cases and from many others which might be cited to sustain the proposition, this principle may be deduced: That it is the duty of one about to enter upon or near to the tracks of a trolley company to look for approaching cars, even though he is required to look backward, and that his failure to do so in clear cases amounts to contributory negligence as a matter of law.

The cases cited by plaintiff do not help him. In Sieb *v.* Central Pennsylvania Traction Co., 47 Pa. Superior Ct. 228, a passenger upon a team was injured when a horse became frightened and, being beyond the control of the driver, ran upon the tracks at a distance of sixty to eighty feet in front of a trolley car which could have been stopped within thirty feet. Of course, the driver was placed in position of peril unexpectedly and without fault of his own, and in these circumstances the court could not as a matter of law pronounce him contributorily negligent. Kulp *v.* Lehigh Valley Transit Co., 81 Pa. Superior Ct. 296, is another instance of an injury to a guest, and what is there said upon the subject of contributory negligence relates to the question of imputing the negligence of the driver to the guest. Fisher *v.* Philadelphia Rapid Transit Co., 82 Pa. Superior Ct. 262, decides nothing concerning contributory negligence; the sole question in that case was "whether there was sufficient evidence of negligence of defendant which required the submission of the case to the jury." Nor is it likely that the court could have sustained an allegation of contributory negligence, for the driver entered upon the tracks when the trolley car was 250 to 275 feet away and the automobile had proceeded for a distance of sixty or seventy feet before it was struck. Hence, it might have been said, as in Gordon *v.* Beaver Valley Traction Co., 247 Pa. 248, also cited by plaintiff, that plaintiffs were "fairly upon the track at a considerable distance in advance of the car," which is not the situation here. Hope *v.* Southern Pennsylvania Traction Co., 270 Pa. 115, affords no comfort to plaintiff, for it is there said that "plaintiff had a right to use the road and to turn toward or upon the tracks of defendant company, if necessity required that she do so, subject, however, to the duty of looking for approaching cars and taking proper precautions to avoid a collision." And plaintiff having testified that "she looked back through the glass inserts and, not seeing a car in sight, drove toward and close to the car tracks," the case was necessarily for the jury. But this is not the case at bar. There was no necessity which impelled this plaintiff to drive near or upon the tracks; yet he did so without looking and without taking proper precautions. He was thereby guilty of contributory negligence, and we are required to pronounce it as a matter of law.

Now, March 14, 1927, the rule to show cause why judgment *n. o. v.* should not be entered is sustained and judgment *n. o. v.* for the defendant is hereby entered.                    From Edwin L. Kohler, Allentown, Pa.