## Caplan et ux., Appellant, *v.* Philadelphia Rapid Transit Company et al.

*Negligence—Street car—Truck—Collision with—Personal injuries —Case for jury.*

In an action of trespass to recover damages for personal injuries sustained in a collision between a truck and a street car upon which plaintiff was a passenger there was evidence that the truck had crossed the first rail of the track when the street car was fifty feet away. There also was evidence that the street car struck the rear end of the truck with such force as to upset it on the pavement and that it continued on its course twenty feet after the impact.

Under such circumstances the case was for the jury and it was error for the trial court to enter a non suit in favor of the defendants.

In such case, the fact that the trolley car had the superior right of way did not absolve the motorman from using the method he had to control the car in order to avoid a collision. Whether he had such control and was afforded an adequate opportunity to exercise it should have been decided by the jury.

Argued November 22, 1927. Appeals Nos. 275 and 276, October T., 1927, by plaintiffs from judgment of M. C. Philadelphia County, November T., 1925, No.

1220, in the case of Abraham Caplan and Jessie Caplan, his wife, v. Philadelphia Rapid Transit Company, a corporation, and G. Stanley Magargal and Samuel H. Margargal, co-partners, trading as Samuel H. Magargal and Son. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.

Trespass to recover for personal injuries. Before Knowles, J.

The facts are stated in the opinion of the Superior Court.

The Court entered a non-suit in favor of both defendants. Plaintiffs appealed.

*Error assigned* was the entry of the non-suit.

*Simon Garlic,* and with him *William Charles Brown,* for appellants.

*Philip Wallis,* and with him *J. J. K. Caskie,* for Philadelphia Rapid Transit Company, Appellee and *Swartz & Campbell,* for Samuel H. Magargal and Son, appellee.

Opinion by Trexler, J., March 2, 1928:

The plaintiff was a passenger in a trolley car travelling northwardly on Third Street, Philadelphia. An auto truck was being driven eastwardly on Montrose Street. When the front wheels of the auto truck were across the first rail of the trolley track and the engine between the rails, the trolley car was fifty feet away. The car subsequently struck the rear right wheel of the truck with force sufficient to throw it upside down on the pavement at the northeast corner of the intersecting streets. After striking the truck, the car travelled twenty feet before it was brought to a stop.

A joint suit was brought against the owner of the

truck and the common carrier. A non-suit was entered in favor of both defendants, hence this appeal.

We are all of the opinion that this was error. The question as to whether the defendants or either of them were guilty of negligence was for the jury. The lower court based its opinion upon the belief that there was no evidence of negligence, that negligence cannot be inferred merely for the happening of an accident.

We have these facts, that the truck was crossing the tracks upon which the trolley car was advancing; that when the trolley car was fifty feet away, the truck had already entered upon the first rail of the track and was in plain view; that the motorman had ample space in which to abate his speed whatever it was, but he continued to advance as the truck was proceeding across the track and hit the rear of it with sufficient force to send it across the street and upset it on the pavement and after the impact, the car continued twenty feet. It may be hard to determine whether the truck driver was negligent or the motorman, or both, but it is often difficult for juries to fix liability as between parties who are charged as joint tort feasors.

If the inference of negligence can be with reasonable probabilities drawn, it is within the power of the jury to do so. Ryan v. Woodbury Granite Co., 266 Pa. 105; Helfrich v. Gurnari, 78 Pa. Superior Ct. 449.

The purpose of bringing this joint suit was to ascertain who was responsible for the accident, if anyone. Perhaps the driver of the truck should have stopped to let the trolley car pass. On the other hand, the motorman may have been charged with the duty of controlling his car so as to prevent the collision. The fact that there was no testimony as to the speed does not control the court for in Fisher v. P. R. T., 82 Pa. Superior Ct. 262, there was no proof of excessive speed, but no reason is suggested why the street car must necessarily have struck the auto in the exercise

of due diligence by the motorman. Gordon v. Beaver Valley Traction Co., 247 Pa. 248; Wagner v. Transit Co., 252 Pa. 354.

The trolley car had the superior right of way, but that does not absolve the motorman from using the methods he had to control the car in order that he might avoid a collision. Whether he had such control and was afforded an adequate opportunity to exercise it is a question for the jury. Wilhelm v. Selinsgrove Ry. Co., 281 Pa. 69.

We have already observed that the car struck the big truck loaded with lumber with such force as to throw it over onto the pavement, turn it upside down and then continued on its course twenty feet further. It would seem that if the motorman had the opportunity of seeing the truck and the space enough to slacken his speed and thus avoid a collision, there would be enough to support the conclusion that he did not use the care that under the circumstances was required. Whether such duty devolved upon him was a matter for the jury.

The judgment is reversed with a new venire.