## Petres, Appellant, v. Alexy.

94

Argued October 15, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Edwin A. J. Blank,* for appellant.

*Henry A. Frye,* and with him *Fletcher W. Stites,* for appellee.

OPINION BY GAWTHROP, J., December 16, 1931:

This is an appeal from a refusal to take off a nonsuit in an action of trespass for damages to an automobile, tried before a judge sitting without a jury.

Plaintiff, at about 9:30 o'clock on the morning of August 3, 1930, was driving his automobile westwardly on Rockland Street approaching Ninth Street, which intersects Rockland Street, in the City of Philadelphia. Each street is thirty-four feet wide between its curb lines. The sidewalks on Rockland Street are thirteen feet in width and those on Ninth Street are fifteen feet in width. When plaintiff reached the east side of Ninth Street, driving at a speed between fifteen and twenty miles an hour, he saw defendant's car coming from his left at a distance which he estimated at one hundred feet, and he testified that it seemed to him that it was not "going fast." Continuing at about the same speed he proceeded across the intersection and when all but the rear of his automobile was across Ninth Street, at the sewer inlet on the northwest corner, it was struck in the rear left wheel by defendant's car, the front of plaintiff's car was swung out to the middle of Ninth Street, the car turned over and the damages were caused, for which this suit was brought. When defendant's car had stopped, after the collision, it was pointing west on Rockland Street.

The opinion filed by the trial judge shows that the nonsuit was granted on the ground that there was no evidence that would sustain a finding that defendant was negligent. We are forced to the conclusion that in so ruling the judge fell into error. According to plaintiff's testimony he had the right of way at the intersection. He was not only approaching on defendant's right but also arrived at the intersecting street substantially in advance of defendant. A jury might conclude that he had a right to assume that he could get across safely under the circumstances without the

risk of a collision. It was the duty of defendant to approach the intersection with his car under control. Although there was no evidence that he was running at an excessive speed, the evidence would warrant a finding that he was negligent in failing to yield the right of way to plaintiff when he could see that plaintiff was committed to the crossing of Ninth Street and in a position of danger, and that this was the proximate cause of the accident. The fact that plaintiff almost escaped being struck is an important element bearing on the question of defendant's negligence. The case is ruled in principle by the following cases: Fry v. Derito, 97 Pa. Superior Ct. 131; Keystone Lead Co. v. Frechie, 94 Pa. Superior Ct. 395, and Reitmeir v. P. R. T. Co., ibid, 509. If the inference of negligence can, with reasonable probabilities, be drawn it is within the power of the jury to do so: Caplan v. P. R. T. Co., 92 Pa. Superior Ct. 251. A nonsuit can be entered only in clear cases, "when it is inconceivable on any reasonable hypothesis that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after viewing the evidence in the light most advantageous to plaintiff, could determine in his favor the controlling issue involved": Jester v. Phila. B. & W. Co., 267 Pa. 10.

The judgment is reversed with a procedendo.