Engstler et ux. *v.* Penn News Company, Appellant.

Argued October 9, 1934.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*Maurice W. Sloan, Jr.,* and with him *Stanley B. Rice* and *Maurice W. Sloan,* for appellant.

*Herbert A. Barton,* and with him *Swartz, Campbell & Henry,* for appellee.

OPINION BY STADTFELD, J., December 18, 1934:

This was an action in trespass for personal injuries, and for damages to an automobile, as a result of a collision between an automobile of Anthony W. Engstler of plaintiffs, and a truck of defendants driven by their employee, on July 17, 1932, at about 5:30 A. M. at the intersection of Lancaster Avenue and 59th Street in the City of Philadelphia. 59th Street runs practically north and south, is 52 feet wide from curb to curb, a straight street to the south. Lancaster Avenue runs practically east and west. It is 50 feet wide from curb to curb. Both streets are paved with asphalt. On the west side of 59th Street, there is a pavement 14 feet wide, and on Lancaster Avenue on the south side there is a pavement 15 feet wide. At the southwest corner of 59th Street and Lancaster Avenue is a playground.

The automobile, containing the plaintiff, his wife, his son and another small boy, was coming east on Lancaster Avenue. The news truck of defendants was going north on 59th Street approaching Lancaster Avenue. The collision took place at the intersection of these two streets. At the intersection there was a traffic signal which, according to the testimony of all the witnesses, was in operation at the time.

The plan attached to appellant's brief shows that at its intersection with Lancaster Avenue, and to the south thereof, the east side of 59th Street describes an arc, and Columbia Avenue to the south of Lancaster Avenue cuts into 59th Street on an angle.

On the southwest corner of 59th Street and Lan-

caster Avenue there are no buildings. There is nothing to obstruct the view, as you come up to that corner. The distance from the south house line of Lancaster Avenue to the north house line of Columbia Avenue is 148.32 feet. The sidewalks on Columbia Avenue are each 15 feet wide, and the cartway 40 feet.

Plaintiff, Anthony W. Engstler, testified that he was driving his car east on Lancaster Avenue and as he approached 59th Street saw a red light at the intersection. He slowed his car down and when the light turned green started in first gear, shifted to second gear and was struck by the defendant's truck when he had negotiated all but eight feet of the entire 52 feet width of 59th Street; that he was traveling at the rate of 10 to 15 miles per hour and could have stopped in two feet. He stated that before crossing the intersection he looked south and saw nothing approaching therefrom; he could see approximately a distance of 150 feet. When he had almost negotiated the entire crossing he noticed something coming from the right, but was hit so soon thereafter that it seemed as though he were hit by "a bolt." The defendant's car struck the plaintiff's car so forcibly that it knocked both wheels off and sent him "clean across Lancaster Avenue," where it turned over about 23 feet east of the northeast corner, with the first wheel lying up over the curb, across Lancaster Avenue; the truck was lying right in back of him, upside down. He stated the truck gave no signal or warning of any kind, and was corroborated by other witnesses.

The defendant's driver, Maurice Crusemire, testified that he had proceeded east on Columbia Avenue to 59th Street, Columbia Avenue being approximately 178 feet south of Lancaster Avenue, and turned left into 59th Street traveling at the rate of 20 miles an hour. He claimed that the light was green as he approached the intersection; that when he reached the

corner Engstler's car was only 5 or 10 feet away from him, and he proceeded as he thought Engstler was going to stop.

A request ex parte defendant for binding instructions was refused.

The case was submitted to the jury in a charge concerning which no complaint is made, to determine the relative questions of the negligence of the defendant and contributory negligence of plaintiff. The jury found in favor of plaintiffs. A motion for judgment n. o. v. was overruled in an opinion by ALESSANDRONI, J. With the verdict in favor of plaintiffs, the testimony must be construed in the light most favorable to them. It would have been error for the trial court to have held as a matter of law, plaintiff guilty of contributory negligence, for the testimony shows that he looked to the right for a distance of approximately 150 feet, and saw no car coming, and, therefore proceeded across the intersection on the green light. Defendant's truck must at the time have been traveling along Columbia Avenue, which is distant about 150 feet from Lancaster Avenue, and was not apparent until it turned into 59th Street. The jury having found in favor of appellee, thereby established the fact that at the time of the collision, the light was red or against traffic on 59th Street. Under the circumstances, plaintiff was justified in proceeding to cross at the intersection. The question of negligence and contributory negligence was clearly a question for the jury.

As stated by this court in Petres v. Alexy, 104 Pa. Superior Ct. 93, 95, 157 A. 624: "Although there was no evidence that he was running at an excessive speed, the evidence would warrant a finding that he was negligent in failing to yield the right of way to plaintiff when he could see that plaintiff was committed to the crossing of Ninth Street and in a position of danger, and that this was the proximate cause of the

accident. *The fact that plaintiff almost escaped being struck is an important element bearing on the question of defendant's negligence."* (Italics supplied.)

Quoting from the opinion of Mr. Justice MAXEY, in the recent case of Graff v. Scott Bros., Inc., 315 Pa. 262, 267, 172 A. 659: "In McCracken v. Curwensville Boro., 309 Pa. 98, 114, 163 A. 217, we cited with approval the following: ' "It is an established principle that if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of either party in the trial of a case, the question must be left to the jury. ...... A verdict should not be directed if on all the facts and circumstances there is room for fair and sensible men to differ in their conclusions, or, as it is sometimes stated, (if) the evidence is not such that honest minds could reach but one conclusion": 26 R. C. L., pages 1067, 1069, Section 75. See also Heh v. Consolidated Gas Co., 201 Pa. 443, 50 A. 994.' "

The assignments of error are overruled and judgment affirmed.